Received and E-Filed for Record
1/7/2020 9:20 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Sarah Introligator

20-01-00239

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL CERENIO** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | Montgomery County - 410th Judicial District Court |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **THEODORE JOSEPH BOOTH** | § | |
| *Defendant* | § | **____TH JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, MICHAEL CERENIO (hereinafter "Plaintiff") complaining of and about of THEODORE JOSEPH BOOTH (hereinafter "Defendant") and would show the Court the following:

### I. Nature of Action

1.      Plaintiff suffered injuries as a result of being struck by Defendant's vehicle.

### II. Discovery Level

2.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.  Plaintiff prays for damages in excess of $200,000 but less than $1,000,000.

### III. Jurisdiction and Venue

3.      The claims asserted arise under the common law of Texas.

4.      Venue is proper because the incident occurred in this County.

### IV. Parties

5.      Plaintiff is a resident of Harris County, Texas.

1

**EXHIBIT C**

6.      Defendant, THEODORE JOSEPH BOOTH, is a Texas resident that may be served by personal delivery to 4924 Hall Street, Dallas, TX 75235 or wherever else he may be found and validly served.

## V. Facts

7.      On or about July 14, 2018, Plaintiff suffered significant injuries as a result of Defendant's negligence.  Plaintiff was driving North Bound on Interstate 45 at or around exit 87A when Defendant enter Plaintiff's lane and struck Plaintiff on the right rear side of his vehicle.

## VI. Causes of Action

### A.      *Negligence.*

8.      Plaintiff repeats and realleges each allegation contained above.

9.      Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Failed to operate the vehicle in a reasonable manner;

- Failed to operate his vehicle safely;

- Failed to keep a proper lookout;

- Failed to yield the right of way;

- Failed to enter a lane only when safe to do so;

- Failed to maintain a safe distance; and

- Other acts so deemed negligent.

10.      Defendant should also be held liable as a matter of law for his violations of the Texas Transportation Code.

2

**EXHIBIT C**

11.     As a result of Defendant's negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for his injuries.

## VII. Jury Trial Demanded

12.     Plaintiff hereby demands a trial by jury.

## VIII. Discovery To Defendant

13.     Plaintiff refers you to the attached Interrogatories, Request for Production, Request for Disclosure, and Request for Admissions and notifies you that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## IX. Prayer

Plaintiff prays for relief and judgment in a monetary amount over $200,000 but less than $1,000,000, as follows:

- •   Past and future medical damages;

- •   Past and future loss of earnings;

- •   Past and future physical pain and suffering and mental anguish;

- •   Past and future impairment;

- •   Past and future disfigurement;

- •   Interest on damages (pre- and post-judgment) in accordance with law;

- •   Costs of court;

- •   Costs of copies of depositions; and

- •   Such other and further relief as the Court may deem just and proper.

3

**EXHIBIT C**

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Betty Feng*

_____
M. PAUL SKRABANEK
State Bar No. 24063005
BETTY FENG
State Bar No. 24089375
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
         betty@pstriallaw.com
E-mail for Service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT C**

# EXHIBIT A

**EXHIBIT C**

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL CERENIO** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **THEODORE JOSEPH BOOTH** | § | |
| *Defendant* | § | **_____TH JUDICIAL DISTRICT** |

## PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR DISCLOSURE, AND REQUEST FOR ADMISSIONS TO DEFENDANT

> **TO:** *Defendant, Theodore Joseph Booth, by personal delivery to 4924 Hall Street, Dallas, TX 75235.*

Plaintiff, in accordance with the provisions of the Texas Rules of Civil Procedure, propounds the following Interrogatories, Request for Production and Request for Disclosure to Defendant Theodore Joseph Booth and requests that these requests be answered separately and fully in writing, under oath, and served upon the undersigned attorney within fifty (50) days after service hereof.

Please note that, in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your response if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or you know that the response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

**EXHIBIT C**

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Betty Feng*_____

M. PAUL SKRABANEK
State Bar No. 24063005
BETTY FENG
State Bar No. 24089375
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
        betty@pstriallaw.com
E-mail for Service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT C**

**I.**

**INSTRUCTIONS AND DEFINITIONS**

1.  When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.  All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged.  If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.  All responses must be made separately and fully.  An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.  Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.  The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence:  (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.  If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    (i)     A short statement identifying each privilege involving the basis therefore;

    (ii)    The facts upon which you relied to support the claim of privilege;

    (iii)   A description of all documents for which such privilege is claimed, including:

a. the type of document;
b. a brief statement of the document's general topic matter;
c. the date of the document;
d. author(s) and their title(s) and position(s); and
e. the identity of all persons to whom any contents of the documents have been disclosed.

(iv) A description of all conversations for which such privilege is claimed, including:

a. the date of the conversation;
b. a brief statement describing the <u>general</u> topic of the conversation;
c. the persons participating in the conversation; and
d. the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7. As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8. "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded,

4
**EXHIBIT C**

stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.  A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

<u>Electronic Data Directive</u>:  Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.    "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.    "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.    "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.    "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.    "Identify" or "identification" shall mean:

(a)    With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job

5
**EXHIBIT C**

descriptions should be given, together with the period during which each one was held;

(b)     With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and

parties; your status as either Plaintiff, Defendants, intervenor, impleader, interpleader, or third-party Plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14. "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Petitions subsequently filed in this lawsuit.

15. "You," "Your," Defendant" or "Defendants" means Theodore Joseph Booth, and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney. Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16. "Accident" or "subject accident" shall refer to the crash on or about July 14, 2018 in Montgomery County, Texas which forms the basis of this lawsuit.

17. "Plaintiff" shall mean Michael Cerenio.

18. "Trip" shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

19. "Vehicle" or "Your Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the vehicle being operated by Theodore Joseph Booth at the time the accident occurred.

**EXHIBIT C**

## II.

## <u>INTERROGATORIES</u>

1.     If you have not been correctly named or served in or by the Plaintiff's Original Complaint, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Complaint.

2.     In reference to the trip underway at the time or just prior to the underlying accident, please identify:

      a.     where and when the trip originated;

      b.     whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

      c.     the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident; and

      d.     the final destination for the trip.

3.     When was the last time you consumed any alcohol, prescription medication, or over the counter medication prior to this accident?  For any such consumption, please state:

      a.     whether it was alcohol, prescription medication, or over the counter medication;
      b.     how much was consumed; and
      c.     if it was prescription medication, what the medication is prescribed for.

4.     Have you ever been prescribed contact lenses and/or glasses?  If so, please state:

      a.     whether this information is listed on your driver's license;
      b.     whether you are required to wear contact lenses and/or glasses by the State of Texas;
      c.     what prescription of contact lenses and/or glasses you were prescribed;
      d.     were you wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit; and
      e.     if you were wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit, what was the prescription of those contact lenses and/or glasses.

5.     State each time that you have either pled guilty to or convicted of a criminal offense.  For each offense, provide the date of the offense, the date of guilty plea or

conviction, the charge you pled guilty to or were convicted of, the punishment imposed, and the city, county and state where the charges were filed.

6.     State each time you have received a traffic citation.  For each citation, provide the city, county and state where the citation was received, the date of the citation, the offense you were cited for, the resolution of the citation (plea or adjudication), and the fine or sentence imposed.

7.     Describe each automobile accident you have been involved in.  For each accident, provide the date of the accident, the city, county and state where the accident occurred, whether police prepared a report regarding the accident, whether you received a citation in connection with the accident, whether anyone including you was injured in the accident, and the approximate amount of property damage that resulted from the accident.

8.     State each time that your driver's license has been suspended or revoked and provide the reason for the suspension or revocation.

9.     Have you ever been licensed to operate a motor vehicle in any state other than Texas?  If your answer is yes, provide the state, when the license was issued, the license number, whether the license was ever suspended or revoked, the reason for suspension or revocation of the license, and whether the license is still active.

10.     Provide the telephone number service provider, and name of the person or entity billed for each cell phone you used for a period of three months before and three months after the date of the accident which forms the basis of this lawsuit.

11.     Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

12.     If you contend that Plaintiff was contributorily negligent, provide all facts which support your contention.

13.     If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

14.     Describe all communications you and any of your representatives have had with the Plaintiff regarding the subject accident. For each communication, identify the participants to the communication, the method of communication, the date and time of the communication, and provide the full content of the communication.

15.     Provide an explanation as to how and why you collided with Plaintiff.

## III.

## REQUESTS FOR PRODUCTION

1. Copy of postings and webpages from any social networking site including but not limited to Facebook, MySpace, Instagram, etc. for Defendant driver from one month prior to the incident in question until six months after the incident in question.

2. Copies of police reports for any other vehicular collisions or incidents in which the Defendant driver was involved.

3. Copy of Defendant Driver's cell phone bill for one month preceding the incident and for the date of the incident.  This should list calls received, dates, and times.

4. Copy of the citation the Defendant Driver received in connection with the incident in question.

5. Documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

6. Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

7. Produce copies of any and all other police reports, citations, accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver was the driver of a vehicle involved in the prior accidents or incidents.

8. Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment.  This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

9. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

**EXHIBIT C**

10.    Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

11.    Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

12.    Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

13.    Produce copies of any and all investigation and/or accident reports in Defendant's possession that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

14.    Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

15.    Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

16.    Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

17.    Produce any photographs or videotapes of Plaintiff.

18.    Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

19.    Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

20.    Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

21.    Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

**EXHIBIT C**

22.    Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

23.    Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

24.    Produce copies of any and all indemnity agreements between any of the parties to this case.

25.    Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

26.    Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

27.    Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

28.    Produce a copy of the title to the vehicle Defendant was driving at the time of the accident.

29.    Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

30.    Produce a copy of both sides of Defendant's current driver's license(s).

31.    Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

32.    Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

33.    Produce copies of any and all tickets or citations received by Defendant as a result of this incident.

34.    Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

35.    Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of Defendant's vehicle for the period

**EXHIBIT C**

commencing 30 days before the subject collision through and including 10 days after the subject collision.

36.   Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

37.   For the period of one week before and after the incident made the basis of this lawsuit, product all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the Defendant's vehicle involved in the incident made the basis of this lawsuit?  In the alternative, provide sufficient information for Plaintiff to subpoena this information from the relevant cellular wireless service provider.

## IV.

## <u>REQUESTS FOR DISCLOSURE</u>

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of your claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)     If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)     The expert's current resume and bibliography;

(g)     Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)     Any discoverable settlement agreements described in Rule 192.3(g);

(i)     Any witness statements described in Rule 192.3(h);

(j)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

14
**EXHIBIT C**

(k)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

**EXHIBIT C**

**V.**

**REQUEST FOR ADMISSIONS**

1. Admit that you have been properly named as a Defendant in this lawsuit.

2. Admit that you received a citation for causing this accident.

3. Admit that venue is proper.

4. Admit that person jurisdiction exists over you.

5. Admit that this is a convenient forum.

6. Admit that you are at fault for this accident.

7. Admit that you took responsibility for causing the accident at the scene of the accident.

8. Admit that you took responsibility for causing this accident in text messages to Plantiff.

9. Admit you offered to pay for the property damage to Plaintiff's vehicle.

10. Admit that you failed to safely operate your vehicle on the date of the accident.

11. Admit you were negligent in causing the collision with Plaintiff.

12. Admit you were negligent in entering the lane occupied by Plaintiff.

**EXHIBIT C**